AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

Southern _____ DISTRICT OF _____ New York

The Gordon Motion Picture Company

v.

John Kerry for President

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

# 06 CV 13498

**TO:** (Name and address of defendant)

① John Kerry for President
511 C Street N.E.
Washington, D.C. 20002
(202) 464-2136

② John Kerry for President
304 Russell Building
3rd Floor
Washington, D.C. 20510
(202) 224-2742

③ John Kerry for President
40 Court Street
11th Floor
Boston, MA 02108

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Anthony Broccolo
752 West End Avenue
#2H
New York, NY 10025
(917) 621-5883

④ Paul, Weiss, Rifkind,
Wharton + Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-
(212) 373-3000

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

Marcos Quintero

NOV 28 2006

DATE

Dockets.Justia.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THE GORDON MOTION PICTURE COMPANY LLC,

                    Plaintiff,

-against-

JOHN KERRY FOR PRESIDENT,

                    Defendant.
---------------------------------------------------------------X

06 CV 13498

Docket #

**VERIFIED COMPLAINT**

RECEIVED NOV 28 2006 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by its attorney, ANTHONY BROCCOLO, ESQ., complaining of defendant, respectfully alleges the following upon information and belief:

    **FIRST:**    This Court has jurisdiction over this matter.

## THE PARTIES

    **SECOND:**    THE GORDON MOTION PICTURE COMPANY [hereinafter referred to as "GORDON"] is a New York corporation formed under and by virtue of the laws of the State of New York.

    **THIRD:**    GORDON maintains a principal place of business at 752 West End Avenue, #MB, New York 10025.

    **FOURTH:**    JOHN KERRY FOR PRESIDENT [hereinafter referred to as "KERRY"] maintains a principal place of business at 40 Court Street, 11th Floor Boston, MA 02108.

    **FIFTH:**    At all times hereinafter mentioned, KERRY was a domestic corporation formed under and by virtue of the laws of the State of Massachusetts.

**SIXTH:** At all times hereinafter mentioned, KERRY was a foreign corporation authorized to do business within State of Massachusetts.

**SEVENTH:** At all times hereinafter mentioned, KERRY was a foreign corporation actually doing business within the State of the State of Massachusetts.

**EIGHTH:** At all times hereinafter mentioned, KERRY was partnership doing business within the State of Massachusetts.

**NINTH:** At all times hereinafter mentioned, KERRY was an entity doing business within the State of Massachusetts.

### THE AGREEMENT

**TENTH:** During December 2003 and January 2004, JOHN KERRY FOR PRESIDENT ordered 450 VHS copies of "Brothers in Arms", a documentary film produced and distributed by THE GORDON MOTION PICTURE COMPANY LLC, for distribution in Iowa, and another 150 for New Hampshire.

**ELEVENTH:** By written agreement [hereinafter referred to as the "AGREEMENT"] effective October 11, 2003, a copy of which is annexed hereto and incorporated herein, the defendant individually, collectively or by and through their subsidiaries, agents and successors in interest agreed to obtain a license of the film in order to use parts of the film or the entire film in promotion and advertising, and for broadcast and public presentation to select audiences. The defendant further agreed that all DVD and VHS format copies of the film for private and commercial distribution would be ordered though and obtained solely from GORDON.

## AS AND FOR A FIRST CAUSE OF ACTION

**TWELFTH:** Repeats and realleges paragraphs FIRST through ELEVENTH with the same force and effect as if fully set forth herein.

**THIRTEENTH:** Defendant KERRY individually, collectively or by and through their subsidiaries, agents and successors in interest financially and willfully damaged GORDON by their negligence in failing to abide by the licensing agreement signed on October 11, 2003.

**FOURTEENTH:** Plaintiff complied with all terms and conditions of the AGREEMENT, and defendant's conduct constitutes a default under the agreement.

**FIFTEENTH:** As a direct and proximate result of the defendants' breach of contract the plaintiff has been damaged.

**SIXTEENTH:** As a direct and proximate result of the defendant JOHN KERRY FOR PRESIDENT's promise to THE GORDON MOTION PICTURE COMPANY LLC that "Brothers in Arms" would be posted on the JOHN KERRY FOR PRESIDENT website and would have a reference area so viewers could contact the video's distributor and order copies of the documentary through THE GORDON MOTION PICTURE COMPANY, the plaintiff was damaged as no orders were able to be taken.

**SEVENTEENTH:** As a direct and proximate result of the defendant's breach of contract the plaintiff has been damaged in the amount of $100,000.00 plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION

**EIGHTEENTH:** Repeats and realleges paragraphs FIRST through SEVENTEENTH with the same force and effect as if fully set forth herein.

**NINETEENTH:** The conduct of the defendants in failing to post "Brothers in Arms" on their website and create a reference area so viewers could contact the video's distributor and order copies of the documentary through GORDON constituted negligence, and a failure to act in accordance with the standards of good and accepted practice in the industry.

**TWENTIETH:** As a direct and proximate result of the defendants' negligence the plaintiff has been damaged.

**TWENTY-FIRST:** As a direct and proximate result of the defendant's conduct the plaintiff accepted a small licensing fee of $20,000.00 with the understanding that funds would be made through ordering of DVDs and VHS tapes, which was made impossible as KERRY did not create a proper order center on the JOHN KERRY FOR PRESIDENT website.

**TWENTY-SECOND:** As a direct and proximate result of the defendants' negligence the plaintiff has been damaged in the amount of $100,000.00 plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION

**TWENTY-THIRD:** Repeats and realleges paragraphs FIRST through TWENTY-SECOND with the same force and effect as if fully set forth herein.

**TWENTY-FOURTH:** The defendant KERRY individually, collectively or by and through their subsidiaries, agents and successors in interest fraudulently used parts, photographs, persons, questions and the like from "Brothers in

Arms" in campaign commercials by JOHN KERRY FOR PRESIDENT without the permission or knowledge of GORDON.

**TWENTY-FIFTH:** During and after the primary season, KERRY gave out copies of "Brothers in Arms" at rallies, despite the terms of the AGREEMENT.

**TWENTY-SIXTH:** As a direct and proximate result of the defendant's fraudulent conduct the plaintiff has been damaged.

**TWENTY-SEVENTH:** As a direct and proximate result of the defendant's fraudulent conduct the plaintiff has been damaged in the amount of $100,000.00 plus interest.

**TWENTY-EIGHTH:** As a result of the willful and fraudulent conduct on the part of defendants, the plaintiff is entitled to punitive damages in the amount of $200,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

**TWENTY-NINETH:** Repeats ended re-alleges paragraphs FIRST through TWENTY-EIGHTH of the complaint with the same force in effect as if fully set forth herein.

**THIRTIETH:** By virtue of defendant's actions and inactions, with respect to failing to post "Brothers in Arms" on their website and create a reference area so viewers could contact the video's distributor and order copies of the documentary through, defendant has been enriched.

**THIRTY-FIRST:** The aforesaid enrichment was unjust and at plaintiff's expense, and in equity and a good conscience, defendants should be required to make restitution to plaintiff and return to plaintiff the monetary benefits by which defendants

have been unjustly enriched.

**THIRTY-SECOND:** As a direct and proximate result of defendant's actions and inactions, defendant has received benefits which rightfully belong to plaintiff.

**THIRTY-THIRD:** As a direct and proximate result of the unjust enrichment received by defendants, plaintiff has been damaged in the sum of $100,000.00.

**WHEREFORE,** plaintiff respectfully requests judgment against the defendant as follows: On the first cause of action, damages in the amount of $100,000.00 plus interest; On the second cause of action, damages in the amount of $100,000.00, plus interest; On the third cause of action, damages in the amount of $ 100,000.00 plus exemplary and punitive damages in the amount of $200,000; On the fourth cause of action, damages in the amount of $100,000.00 plus interest, and further relief as to this court may seem just and proper.

Dated: November 21, 2006

_____
ANTHONY BROCCOLO
Attorney for Plaintiff
THE GORDON MOTION
PICTURE COMPANY LLC
752 West End Ave
Suite 2H
New York, NY 10025
(917) 621-5883

JOHN KERRY FOR PRESIDENT
511 C Street N.E.
Washington, D.C. 20002
(202) 464-2136

JOHN KERRY FOR PRESIDENT
304 Russell Building
3rd Floor
Washington, D.C. 20510
(202) 224 2742

JOHN KERRY FOR PRESIDENT
40 Court Street
11th Floor
Boston, MA 02108

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Attorneys for Defendant
JOHN KERRY FOR PRESIDENT
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

STATE OF NEW YORK    )
COUNTY OF NEW YORK ) ss.:

**IRIS G. ROSSI**, being duly sworn deposes and says;

I am the treasurer of the plaintiff THE GORDON MOTION PICTURE COMPANY in the within action; I have read the foregoing COMPLAINT and know the contents thereof; and same is true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

IRIS G. ROSSI

*[signature]*
Nov 27, 2006.

Sworn to before me this
27 day of November, 2006

*[signature]*
Notary Public

**The Gordon Motion Picture Company**
**752 West End Avenue**
**New York, NY 10025**

## LICENSING AGREEMENT

This agreement is made and entered into this November ___, 2003 between The Gordon Motion Picture Company, a limited partnership organized and existing under the laws of the State of New York, whose address is 752 West End Avenue, New York, NY 10025 (hereinafter LICENSOR) and John Kerry Campaign (hereinafter LICENSEE) with its principal place of business located at _____

## RECITALS

Whereas LICENSOR owns and has available for temporary use and licensing a documentary film entitled "Brothers in Arms" (hereinafter THE FILM): and, Whereas the LICENSEE desires to license from LICENSOR use of THE FILM, in part or in whole, as described below for limited and specified purposes, for use within a designated geographical area and for use for a specified term or period of time.

NOW, THEREFORE, in consideration of the promises contained herein, and intending to be legally bound, the parties to this agreement hereby agree as follows:

The LICENSOR agrees to license for use THE FILM to the LICENSEE:

DURATION: two (2) years, commencing November ___, 2003.

RIGHTS MEDIA: for use in whole in promotion and advertising, for broadcast and public presentation to select audiences; however, it is further agreed that THE FILM may not be made available to users of the internet via streaming video, downloadable format or other means which, as a result, would limit commercial sale of THE FILM by the LICENSOR.

PROGRAM: no part, segments, clips or sound bites of THE FILM may be incorporated in another documentary film, television

episode, part of a series, etc. concurrent with the LICENSEE'S use as described above without prior written consent from the LICENSOR.

TERRITORY/MARKET: solely within the United States of America and it's properties.

COSTS: In consideration of a single payment by the LICENSEE to the LICENSOR the amount of $20,000.00 (Twenty thousand dollars) to be submitted at the time of signing this agreement.

DUPLICATION (SINGLE AND MULTIPLE COPIES): The LICENSEE agrees that all DVD and VHS format copies of THE FILM for private or commercial distribution shall be ordered through and obtained solely from the LICENSOR.

This Licensing Agreement grants no exclusive rights to the LICENSEE to utilize THE FILM; further, the LICENSOR reserves the right to license THE FILM to other interested parties with no notice, compensation, liability or responsibility to the LICENSEE.

The LICENSEE agrees that it has not, and will not assert any ownership or any other rights to THE FILM other than for the limited and specified purpose set forth above.

The LICENSEE agrees to indemnify and hold the LICENSOR, its present and future assignees and licensees harmless from any cost, claim, action, suit, damages and/or expense (including attorney's fees) arising from or related to the use of THE FILM by the LICENSEE.

THE FILM is the sole copyright work of Paul Alexander and is the property of the LICENSOR. All further and/or extended rights must be granted solely by the LICENSOR. It is the responsibility of LICENSEE to ensure that its contemplated use of THE FILM will not be in violation of any of the above terms. The rights granted to LIENSEE pursuant to this Agreement in no way whatsoever relate to any rights granted and/or reserved to additional LICENSEES including and without limitation to television broadcasters, journalists, film distributors, publishers and others who seek to promote this film by any means in or outside of the United States or its properties.

It is the responsibility of LICENSEE to ensure that its contemplated use of THE FILM will not be in violation of any personal or privacy rights of the individual(s) featured therein, nor in violation of any existing laws seeking to regulate its commercial or private use.

LICENSEE shall have the right to use THE FILM in its entirety, but not parts thereof, as provided by the LICENSOR without obtaining further authorizations, releases, consents, clearances and licenses from any individual group or organization depicted or appearing in THE FILM.

Subject to the foregoing, LICENSOR represents that LICENSOR has not granted to any third party at the time of signing this agreement any rights to THE FILM that are inconsistent with the rights granted to LICENSEE pursuant to this Agreement.

The LICENSEE agrees that the LICENSOR'S extent of liability for any and all claims, actions, suits, damages and/or expenses (including attorney's fees) in any way related to this Agreement is limited to the license price of THE FILM set forth in this Agreement.

This Agreement is entered into in the State of New York and shall be governed by the laws of the State of New York.

The LICENSEE shall, at no cost to LICENSOR, acknowledge LICENSOR as the source and repository of THE FILM for rental, sale or purchase. The form and content of any such acknowledgment shall be subject to the prior written approval of LICENSOR. The Credit should read as follows:

PROPERTY of The Gordon Motion Picture Company, Copyright Paul Alexander 2003

Accepted and Agreed:

**The Gordon Motion Picture Company** _____

By _Iris G. Rossy_
Name _[signature]_
Title _Producer_
Date _11/18/03_

By _____
Name _____
Title _____
Date _____

By _____
Name _____
Title _____
Date _____

**John Kerry Campaign**

By _____
Name _____
Title _____
Date _____

By _____
Name _____
Title _____
Date _____

By _____
Name _____
Title _____
Date _____

Docket #

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE GORDON MOTION PICTURE COMPANY LLC,

                         Plaintiff,

  -against-


JOHN KERRY FOR PRESIDENT,

                        Defendant.
-----------------------------------------------------------------X

## VERIFIED COMPLAINT

-----------------------------------------------------------------X

            ANTHONY BROCCOLO
            Attorney for Plaintiff
            THE GORDON MOTION
            PICTURE COMPANY LLC
            752 West End Ave
            Suite 2H
            New York, NY 10025
            (917) 621-5883