**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

62, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE
TELEPHONE (33 1) 53 43 14 14
FACSIMILE (33 1) 53 43 00 23

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

2918 CHINA WORLD TOWER II
NO. 1 JIANGUOMENWAI DAJIE
BEIJING, 100004
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 6505-6822
FACSIMILE (86-10) 6505-6830

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

WRITER'S DIRECT DIAL NUMBER
212-373-3093

WRITER'S DIRECT FACSIMILE
212-373-2769

WRITER'S DIRECT E-MAIL ADDRESS
jjohnson@paulweiss.com

NEALE M. ALBERT
MARK H. ALCOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
DANIEL J. BELLER
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
RICHARD S. BORISOFF
HENK BRANDS
JOHN F. BREGLIO
RICHARD J. BRONSTEIN
JEANETTE K. CHAN
YVONNE Y.F. CHAN
DOUGLAS A. CIFU
LEWIS R. CLAYTON
JAY COHEN
RUSSELL E. COLWELL
JAMES M. DUBIN
LESLIE GORDON FAGEN
MARC FALCONE
PETER L. FELCHER
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
ALBERT P. HAND
GERARD E. HARPER
ROBERT M. HIRSH
STEVEN R. HOWARD
NICHOLAS C. HOWSON
JOYCE S. HUANG
JEH CHARLES JOHNSON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
FRED KINMONTH*
ALAN W. KORNBERG
RUBEN KRAIEM

DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
DANIEL J. LEFFELL
MARTIN LONDON
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
ROBERT E. MONTGOMERY, JR.
TOBY S. MYERSON
KEVIN J. O'BRIEN
JOHN J. O'NEIL
KELLEY D. PARKER
ROBERT P. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
LEONARD V QUIGLEY
VALERIE E. RADWANER
CAREY R. RAMOS
MICHAEL B. REEDE*
CARL L. REISNER
WALTER RIEMAN
SIDNEY S. ROSDEITCHER
RICHARD A. ROSEN
ANDREW N ROSENBERG
STEVEN B. ROSENFELD
PETER J. ROTHENBERG
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
MICHAEL J. SEGAL
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
ROBERT S. SMITH
MARILYN SOBEL
PHILLIP L. SPECTOR*
STUART G. STEINGOLD
AIDAN SYNNOTT
JUDITH R. THOYER
MARK A. UNDERBERG
MARIA T. VULLO
THEODORE V. WELLS, JR.
STEVEN L. WOLFRAM
LISA YANO
JORDAN E. YARETT
ALFRED D. YOUNGWOOD

*NOT ADMITTED TO NEW YORK BAR.

January 12, 2007

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 1/22/07]

**By Hand**

The Honorable Kenneth M. Karas
United States District Judge
500 Pearl Street
New York, New York 10007

Re: *Gordon Motion Picture Co., LLC* v. *John Kerry for President*,
~~No. 05 Civ. 8190 (KMK)~~  06 CV 13498 (KMK)

Dear Judge Karas:

      We represent defendant John Kerry for President, Inc. in the above-referenced action. We respectfully request a pre-motion conference pursuant to Section 2.A. of Your Honor's individual practices, in anticipation of a motion to dismiss plaintiff's complaint on the pleadings.

      On January 9, 2006 this Court dismissed plaintiff's previous action against defendant for failure to retain counsel. *Gordon Motion Picture Co.* v. *John Kerry*, No. 05-CV-8190 (S.D.N.Y. Jan. 9, 2006) (order attached as Exhibit A hereto). While the Court dismissed without prejudice, it advised plaintiff's corporate representative, Iris Rossi, that "you need to make sure you read Mr. Johnson's motion because there are objections to the complaint, and much is to be said for their persuasiveness." Now, a year later, Ms. Rossi has apparently retained counsel and filed a virtually identical complaint (Exhibit B hereto) – which is as frivolous as its predecessor.

**By Hand**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Kenneth M. Karas                                                                                             2

       The complaint fails to state a claim in even the barest terms. Interpreted liberally, the complaint alleges that a contract was formed between the parties on October 11, 2003 concerning the film "Brothers in Arms."[1] The complaint alleges that the Kerry campaign, in violation of the alleged contract, (a) failed to post advertising for the film on the campaign's website and (b) used excerpts and distributed copies of the film without permission.

       In the initial action, plaintiff failed to provide this Court with the contract forming the basis of its action. Now, a year later, in support of this new complaint, plaintiff puts forward a document that, suspiciously, is unsigned by any representative of the campaign. Plaintiff fails to allege sufficient facts to establish that a contract exists between the parties. There are two basic failures:

       First: the document proffered to the Court as "the contract" between the parties is not signed by any representative of the defendants. Aside from that, it is dated November 18, 2003 - more than a month after plaintiff alleges "the contract" was executed.

       Second, the document proffered to the Court does not even support plaintiff's allegations that the Kerry campaign had a contractual obligation to post advertisements for the film on the campaign website.

       Third, plaintiff fails to allege even the most basic facts concerning the alleged unauthorized use of the film. In the most conclusory language, plaintiff simply states that defendant "fraudulently used parts, photographs, person, questions and the like from 'Brothers in Arms' in campaign commercials" and "gave out copies of 'Brothers in Arms' at rallies." These two phrases constitute plaintiff's entire factual basis for these claims.

       As stated in our previous motion to dismiss, contracts signed by only one party, where intended to be signed by both parties, are not binding. *Mellencamp* v. *Riva Music Ltd.*, 698 F. Supp. 1154, 1164-66 (S.D.N.Y. 1988). More importantly, if a party properly cannot allege the terms of a contract or the nature of its breaches, their claims must be dismissed for failure to state a cause of action. *Sony Financial Services, L.L.C.* v. *Multi Video Group, Ltd.*, No. 03 Civ. 1730, 2003 WL 21396690 at *3 (S.D.N.Y. June 17, 2003). For the reasons above, plaintiff's complaint fails to state a claim and should be dismissed. We respectfully request a pre-motion conference in order to so move.

---

[1] Defendant continue to be unaware of any agreement between the parties signed on October 11, 2003 and cannot locate a copy of such an agreement.

**By Hand**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Kenneth M. Karas                                    3

      Lastly, defendant's time to answer, move or otherwise respond to plaintiff's complaint elapses on January 18, 2007. Defendant hereby requests a stay of this time until this Court so advises. If this is acceptable, please indicate so by signing below.

      Respectfully submitted,

*Jeh C. Johnson T.P.A.*

Jeh Charles Johnson

*Defendant's time to answer the complaint is extended until the Court conducts a pre-motion conference*

SO ORDERED:

_____
Kenneth M. Karas, U.S.D.J.
1/18/07

cc:   Anthony Broccolo, counsel for plaintiff

Doc #:NY7:333578.2